UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE VINCENT | CIVIL ACTION |
| VERSUS | NO. 09-3970 C/W 10-2809 |
| SHAMROCK MANAGEMENT, LLC | SECTION: "C" (1) |

ORDER AND REASONS

Before the Court is Defendant's Motion In Limine to Exclude Liability Expert Testimony. (Rec. Doc. 66). Plaintiffs oppose the motion. (Rec. Doc. 71). Having considered the record, the memoranda of counsel, and the applicable law, the Motion is DENIED for the following reasons.

I. BACKGROUND

This case arises from an accident that allegedly occurred during a personnel basket transfer from a platform to a vessel. (Rec. Doc. 71 at 1). Plaintiffs retained Robert Borison to testify as an expert witness regarding whether the crane operator was qualified or authorized to make personnel transfers, as well as whether he negligently operated the crane during the personnel transfer in question. *Id*. Defendant filed the present motion to exclude the proposed testimony of Mr. Borison on the grounds that: 1) he is unqualified to testify to the handling of a vessel; 2) he failed to employ scientific methodology when rendering his opinions; and 3) his testimony is unnecessary to assist the trier of fact. (Rec. Doc. 66-1 at 1-2).

II. EXPERT WITNESS STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony and reports. It states:

1

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Supreme Court has instructed trial courts to act as "gate-keepers" to ensure that proffered scientific expert testimony is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). To admit expert testimony, a court must determine "whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Id.* at 592. Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595.

The first prong of the *Daubert* test focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. Several factors which may be considered in determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. *Id.* at 593-94. However, these factors compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Kumho Tire*, 526 U.S. at 144. The applicability of each factor depends on the particular facts of the case. *Id.*

The second prong of the *Daubert* test goes primarily to the issue of relevancy. *Daubert*, 509 U.S. at 591. *Daubert* described this examination as a question of whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the fact finder in resolving a

factual dispute.  *Id.*, citing *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985).

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony.  *Kumho Tire*, 526 U.S. at 147.

It is important to note that the Court's role as a gatekeeper does not replace the traditional adversary system.  *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981, at *3 (E.D.La. October 24, 2003).  As the *Daubert* court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.  As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility should be left for the fact-finder's consideration.  *United States v. 14.38 Acres of Land, More or Less S. in County, Miss*. 80 F.3d 1074, 1077 (5th Cir. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).  Finally, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).

In this case the Court finds Mr. Borison's testimony is admissible under Rule 702.  First, the Court finds that Mr. Borison is qualified to testify regarding the transfer of personnel from a platform to a vessel.  Mr. Borison has over 30 years experience in the oil exploration field and has specific qualifications as a crane operator and crane safety consultant.  (Rec. Doc. 66-6 at 2-3).

Second, the Court also finds that Mr. Borison has based his analysis on reliable methodology in the accident investigation field, for example by reviewing accident reports as well as the statements of various witness to the accident.  (Rec. Doc. 66-6 at 3).  Mr. Borison's review of the facts of this case, combined with his personal knowledge and experience convince the Court that

Mr. Borison is a reliable expert witness. *See Kumho Tire*, 526 U.S. at 150. While Defendant argues that Mr. Borison's methodology is unreliable because he only reviewed documents and depositions and conducted no physical investigation of the accident site, (Rec. Doc. 66-1 at 16), under *Daubert* and *Kumho Tire* there is no requirement that an expert witness conduct such a physical inspection. Defendant is free to question Mr. Borison's methodology through vigorous cross examination. *Daubert*, 509 U.S. at 596.

Finally, the Court finds that Mr. Borison's testimony will be helpful to the fact finder. Although Defendant has cited numerous cases where Mr. Borison was not allowed to testify, in all of those cases Mr. Borison's testimony was excluded as unnecessary for the fact finder. Unlike those cases, which involved commonplace accidents such as falling down stairs or slipping on a boat, this case involves the proper operation of a crane during the transport of personnel from a fixed platform to a vessel in seas of seven to eight feet. (Rec. Doc. 71 at 8). Such matters are not within the common knowledge of an average fact-finder.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion In Limine to Exclude Liability Expert Testimony is DENIED. (Rec. Doc. 66).

New Orleans, Louisiana, this 23rd day of June, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE